## NUECES VALLEY IRR. CO. v. HOWARD.
(No. 6080.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918. Rehearing Denied Nov. 27, 1918.)

WATERS AND WATER COURSES ☞254 — IRRIGATION—DUTY TO PUMP.

A decree of the board of water engineers that an irrigation company be not required to furnish any land with water which cannot be supplied by gravity flow from the canals of the company does not absolve the company from its duty of furnishing water to its canals, but does absolve it from again pumping the water from the canals onto the lands to be irrigated.

2. WATERS AND WATER COURSES ☞254—IRRIGATION—DUTY TO PUMP.

An irrigation company, being a quasi public concern, vested with the power of eminent domain and obligated to furnish water for irrigation, must, when water in its reservoir is so low as to prevent the flow to its canals by gravity, supply such water to its canals by pumping.

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Bill for injunction by R. S. Howard against the Nueces Valley Irrigation Company. From a decree for plaintiff, defendant appeals. Affirmed.

A. C. Bullitt, of San Antonio, for appellant. N. A. Rector, of Austin, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SWEARINGEN, J. This is an appeal by the Nueces Valley Irrigation Company from a temporary mandatory injunction in favor of R. S. Howard, the appellee, requiring the appellant to furnish water to appellee for the purpose of irrigating 150 acres of land.

The petition of appellee alleged that appellant is a corporation organized under the Texas statute as a public irrigation company, and that appellee was a person entitled to be furnished with water for irrigation, because he had a possessory right in the 150 acres of land which was contiguous to the Nueces river, where the company's reservoir was constructed by a dam across the river, and because appellant was the grantee of a permanent water right conveyed to him by grantees of the Nueces Valley Irrigation Company itself. It further appears from the petition that the company had an abundance of water to furnish appellee, and was equipped with pumping facilities to put the water into its canals, through which it could flow onto appellee's land. The land is fully described. Allegations of threatened injury, unless the injunction issued, are abundant.

The defense presented by appellant's answer seems to be to admit that there is sufficient water in its reservoir, but that appellant is not required to furnish the water by pumping it out of its reservoir into its canals for appellee's use, but its public duty is fully performed if it permits the water to flow by gravity from its reservoir into the canals, concerning which it alleges that because of drought the water, while sufficient, if pumped from the reservoir, is lower than the outlet canal and will not flow. It is also averred that appellee forfeited his water right by reason of nonuser for a period of 4 and 10 years.

The evidence introduced sustained the judgment of the trial court.

As is permitted by law, no briefs were filed by either party; consequently we have strolled "ad libitum" through the record, seeking for error of the trial court. The only controverted issue that we can find of sufficient importance to justify the appeal is that indicated in our general statement of the pleadings, namely, that appellant contends that its public duty requires it to furnish appellee with water only when there i enough water in its reservoir to run into the company's canals by gravity, but that it is not required to pump the water into its canals from its reservoir, when the level of the water in the reservoir is below its outflow canals. It seems conceded, as above stated, that there was no lack of water in the reservoir, but that it had to be pumped.

[1] This contention of appellant seems to be based upon an erroneous construction of the decree of the board of water engineers, from which no appeal was taken. The clause of the decree is:

"It is further ordered that nothing herein contained should be construed as requiring said company to furnish any lands with water which cannot be supplied by gravity flow from the canals of said company."

The above decree does not absolve the company from its duty to put water into its canals from its reservoir, but does, by the restriction quoted, exempt the company from pumping the water from its canal onto such of appellee's lands as are so elevated above the canals that the water furnished through the canal will not flow by gravity onto the land. In other words, the decree is that the company will not be required, after furnishing water in its canals from its reservoir, to again lift the water out of its canals and put it onto appellee's lands. This decree does not destroy the company's duty, laid upon it by the law, to furnish the water into its canals.

[2] The irrigation corporation is a quasi public concern, vested with the power of eminent domain, and obligated to furnish water to appellee for irrigation. This public duty can be performed only by appellant supplying its canals with water from its reservoir. This can be done either by gravity or by pumping. If gravity fails, pumping must be resorted to. Borden v. Rice & Irrigation Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640; American R. G. L. & Ir. Co. v. Mercedes Power Co., 155 S. W. 286.

The judgment is affirmed.